543 F.2d 465
 Thomas DWEN, as President of the Suffolk County Patrolmen's
Benevolent Assoc. and Thomas Dwen, Individually,
Plaintiff-Appellee,
v.
John L. BARRY, Commissioner of the Suffolk County Police
Department, Defendant-Appellant.
 No. 1177, Docket 74-1900.
 United States Court of Appeals,
Second Circuit.
 Submitted May 6, 1976.
Decided June 25, 1976.
 
 Patrick A. Sweeney, Asst. County Atty., Northport, N. Y. (George W. Percy, County Atty., on the brief), for defendant-appellant.
 Leonard D. Wexler, Smithtown, N. Y. (Richard T. Haefeli, Smithtown, N. Y., on the brief), for plaintiff-appellee.
 Before SMITH, OAKES and TIMBERS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Supreme Court, in its opinion of April 5, 1976, 425 U.S. 238, reversed our judgment of January 9, 1975, 508 F.2d 836, and remanded the case to us for further proceedings in conformity with the opinion of the Supreme Court.
 
 
 2
 This case initially came before us on an appeal from the Eastern District of New York which had dismissed plaintiff's complaint seeking declaratory and injunctive relief against a regulation promulgated by defendant limiting the length of a policeman's hair. On August 22, 1973, we reversed and remanded for trial of the issue as to whether there was a genuine public need for the regulation. Dwen v. Barry, 483 F.2d 1126 (2 Cir. 1973).
 
 
 3
 On remand the district court, after taking testimony, held that defendant had failed to sustain his burden of proving that there was a genuine public need for the regulation. The district court accordingly granted the relief sought by plaintiff, declaring the regulation unconstitutional and enjoining its enforcement. On January 9, 1975, we affirmed from the bench. Dwen v. Barry, 508 F.2d 836 (2 Cir. 1975).
 
 
 4
 The Supreme Court granted certiorari, 421 U.S. 987, to consider the constitutional doctrine embodied in our decision and that of the district court. The Supreme Court's decision of April 5, 1976, sub nom. Kelley v. Johnson, 425 U.S. 238, reversed our decision of January 9, 1975.
 
 
 5
 Pursuant to the Supreme Court's remand, we entered an order on May 6, 1976 vacating our judgment of January 9, 1975. Although we have been informed that the regulation involved has been repealed and the case therefore may be moot, we nevertheless remand the case to the district court with instructions to dismiss the complaint in conformity with the opinion of the Supreme Court. We leave to the district court the determination whether the dismissal should be on grounds of mootness. Costs to defendant in this Court.
 
 
 6
 Remanded with instructions.